# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY M. BOWER, | : |
| | : CIVIL NO. 4:21-cv-00998-MWB |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| NATIONAL ADMINISTRATIVE | : |
| SERVICE CO., LLC and | : |
| PELICAN INVESTMENT HOLDINGS | : |
| GROUP, LLC d/b/a AAP, | : |
| | : |
| Defendants. | : |
| | : |

## FIRST AMENDED COMPLAINT

AND NOW, comes Plaintiff Jeffrey M. Bower by and through his undersigned counsel, Jeremy C. Jackson, Esq., and files this First Amended Complaint and states as follows:

1. Plaintiff Jeffrey M. Bower brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices.  *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

## THE TELEPHONE CONSUMER PROTECTION ACT

2. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted

telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

3. Although actual monetary losses from telemarketing abuses are likely to be minimal, this private enforcement provision puts teeth into the statute by providing for statutory damages and by allowing consumers to bring actions on their own. Consumers who are harassed by telemarketing abuses can seek damages themselves, rather than waiting for federal or state agencies to prosecute violations. Although § 227(f)(1) of the statute does authorize states to bring actions on their citizens' behalf, the sheer number of calls made each day -- more than 18,000,000 -- would make it impossible for government entities alone to completely or effectively supervise this activity. *See Erienet, Inc. v. Velocity Net, Inc.,* 156 F. 3d 513, 515 (3rd Cir. 1998) at 515

4. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

**PARTIES**

5. Plaintiff, Jeffrey M. Bower, at all material times hereto was located in Centre County, Pennsylvania.

6. Defendant National Administrative Service Co., LLC, (Hereinafter "NASC"), upon information and belief is, a duly registered Ohio Corporation and has a registered address for service of process and regular place of business located at 5500 Frantz Rd, Suite 100, Dublin, OH 43017.

7. Defendant Pelican Investment Holdings Group, LLC d/b/a AAP (Hereinafter "AAP"), upon information and belief, is a duly registered Delaware Limited Liability Company, and has registered with the state of Florida the fictitious name "AAP" with a registered address with the state of Florida of 1300 N. Congress Ave, West Palm Beach, FL 33409.

**JURISDICTION AND VENUE**

8. Venue is proper because Plaintiff was at all material times located in Centre County, Pennsylvania when the violating telephone calls were made to him.

9. This action is brought pursuant to the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 and Pennsylvania's "Unfair Trade Practices and Consumer Protection Law", 73 P.S. § 201-1 *et seq*.

10. This court has jurisdiction over this action pursuant to 47 U.S.C. § 227(b)(3), which reads, in part:

> "Private right of action. A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State . . . . (B) an

action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater".

## **ALLEGATIONS APPLICABLE TO ALL COUNTS**

11. Defendant NASC contracted with Defendant AAP to obtain new customers for NASC.

12. Defendant AAP was permitted to market for and bind Defendant NASC into a vehicle service contract with Plaintiff.

13. Defendant NASC is vicariously liable for the acts of Defendant AAP.

14. Hereinafter, the aforementioned Defendants will be jointly referred to as "Defendant"

15. Defendant or Defendant's agent called Plaintiff's cellular telephone number (814-xxx-0683) :

   a) On November 16, 2020 from a telephone number that appeared on Plaintiff's caller identification as 267-223-6786,

   b) On November 20, 2020 from a telephone number that appeared on Plaintiff's caller identification as 220-222-2733,

   c) On November 22, 2020 from a telephone number that appeared on Plaintiff's caller identification as 570-849-7949,

   d) On November 25, 2020 from a telephone number that appeared on Plaintiff's caller identification as 814-656-0947,

   e) On December 1, 2020 from a telephone number that appeared on Plaintiff's caller identification as 814-902-8270,

   f) On December 17, 2020 from a telephone number that appeared on Plaintiff's caller identification as 814-326-1023, and

      g) On January 6, 2021 from a telephone number that appeared on Plaintiff's caller identification as 814-694-0962.

16. When Plaintiff answered the aforementioned calls, listed in Paragraph 15, above, Plaintiff heard a Pre-Recorded Message which stated that his vehicle's factory warranty is expired, this is his final notice, last chance to extend, and to press a number to be connected to an agent.

17. The pre-recorded message described in paragraph 16, above gives Plaintiff reason to believe that Plaintiff's telephone was called using an Automated Telephone Dialing System ("ATDS") as defined by the TCPA.

18. Upon answering the aforementioned calls, listed in Paragraph 15, above, Plaintiff was marketed a vehicle service contract for his automobile.

19. Plaintiff was never provided the name of the seller in any of the aforementioned calls, listed in Paragraph 15, above, prior to the purchasing of the vehicle service contract.

20. Plaintiff attempted to call back the telephone numbers which appeared on his telephone caller ID, listed in Paragraph 15, above, and was unable to reach the Defendant, which give Plaintiff reason to believe that Defendant or Defendant's agent used caller ID "spoofing" by transmitting false information to Plaintiff's caller ID.

21. Due to Defendant or Defendant's agent calling Plaintiff using caller ID "spoofing", Plaintiff was required to purchase the vehicle service contract the caller was marketing to determine who was making these unwanted, harassing, intrusive, telemarketing calls to his cellular telephone despite Plaintiff's having registered his cellular telephone number on the Federal and Pennsylvania Do-Not-Call Registry.

22. Defendant's action harmed Plaintiff by being a nuisance to Plaintiff.

23. Defendant's action harmed Plaintiff by intruding upon Plaintiff's seclusion, an invasion to Plaintiff's privacy.

24. Defendant's action harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interest in Plaintiff's cellular telephone.

25. Defendant's action harmed Plaintiff by intruding upon Plaintiff's seclusion.

26. Defendant's action harmed Plaintiff by causing Plaintiff aggravation and annoyance.

## TELEPHONE CONSUMER PROTECTION ACT SPECIFIC FACTS

27. This action is brought pursuant to the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.

28. This court has jurisdiction over this action pursuant to 47 U.S.C. § 227(b)(3).

> "Private right of action. A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State  . . . . (B) an action to recover for actual monetary loss from such a violation, or to receive $ 500 in damages for each such violation, whichever is greater"

29. Defendant's calls to Plaintiff were to Plaintiff's cellular telephone.

30. Plaintiff's cellular telephone number has been continuously and without interruption been registered on the National Do-Not-Call Registry since June 27th, 2009, more than 30 days prior to the calls described in Paragraph 15, above.

31. Plaintiff's cellular telephone number has been continuously and without interruption been registered on the Pennsylvania Do-Not-Call Registry quarterly

publication since January 1st, 2019, at least 30 days prior to the calls described in Paragraph 15, above.

32. Defendant is not an organization exempt from the Telephone Consumer Protection Act ("TCPA").

33. Defendant's calls to Plaintiff were a "telephone solicitation" as defined by the TCPA.

34. Defendant's calls to Plaintiff were an "unsolicited advertisement" as defined by the TCPA.

35. Defendant never had an "established business relationship" with Plaintiff as defined by the TCPA.

36. Defendant never received "prior express written consent" to contact Plaintiff as defined by the TCPA.

## PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

37. Plaintiff purchased a vehicle service contract through an oral agreement with Defendant or Defendant's agent during a telephone call that was initiated by Defendant or Defendant's agent on January 6, 2021, Service Contract Number DAE1005095.

38. Plaintiff is a consumer who purchased this vehicle service contract for his personal use.

## COUNT I.
## CALLING A CELLULAR TELEPHONE WITH THE USE OF AN "AUTOMATIC TELEPHONE DIALING SYSTEM" ("ATDS"), 47 U.S.C. § 227(b)(1)(A)(iii)

39. Plaintiff incorporates by reference paragraphs 1 - 38 of this Complaint as though fully stated herein.

40. Defendant called Plaintiff's cellular telephone using an "automatic telephone dialing system" as defined by the TCPA on at least seven (7) occasions in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

41. Plaintiff was statutorily damaged at least seven (7) times under 47 U.S.C. § 227(b)(3)(B) by the Defendant by the telephone calls described in paragraph 15, above, in the amount of $500.00 for each of these calls.

42. Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff Jeffrey M. Bower respectfully requests that judgment be entered in his favor and against, National Administrative Service Co., LLC and Pelican Investment Holdings Group, LLC, jointly and severally, in an amount of $10,500.00 plus costs and any other remedy deemed appropriate.

## COUNT II:
### CALLING A CELLULAR TELEPHONE WITH THE USE OF "AN ARTIFICIAL OR PRERECORDED VOICE" ("ATDS") 47 U.S.C. § 227(b)(1)(B)

43. Plaintiff incorporates by reference paragraphs 1 - 42 of this Complaint as though fully stated herein.

44. Defendant called Plaintiff's cellular telephone using an artificial or prerecorded voice to deliver a message without the Plaintiff's prior express consent on at least seven (7) occasions in violation of 47 U.S.C. § 227(b)(1)(B).

45. Plaintiff was statutorily damaged at least seven (7) times under 47 U.S.C. § 227(b)(3)(B) by the Defendant by the telephone calls described in paragraphs 15 and 16, above, in the amount of $500.00 for each of these calls.

46. Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff Jeffrey M. Bower respectfully requests that judgment be entered in his favor and against, National Administrative Service Co., LLC and Pelican Investment Holdings Group, LLC, jointly and severally, in an amount of $10,500.00 plus costs and any other remedy deemed appropriate.

**COUNT III:**
**INITIATING A TELEPHONE SOLICITATION TO A TELEPHONE SUBSCRIBER WHO HAS REGISTERED HIS NUMBER ON THE DO-NOT-CALL LIST AT LEAST 31 DAYS PRIOR TO THE TELEPHONE CALL. 47 C.F.R. § 64.1200(c)(2)**

47. Plaintiff incorporates by reference paragraphs 1 - 46 of this Complaint as though fully stated herein.

48. Plaintiff's telephone number has been registered on the Federal Do Not Call Registry since at least 30 days prior to the calls described in Paragraph 15, above.

49. Defendant called Plaintiff's telephone at least seven (7) times after Plaintiff's telephone had been registered on the Do Not Call Registry for at least 31 days before Defendant's calls, in violation of 47 C.F.R. § 64.1200(c)(2).

50. Plaintiff was statutorily damaged at least seven (7) times under 47 U.S.C. § 227(c)(5)(B) by the Defendant by the telephone calls described in paragraph 15, above, in the amount of $500.00 for each of the seven (7) telephone calls.

51. Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under U.S.C. § 227(c)(5)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff Jeffrey M. Bower respectfully requests that judgment be entered in his favor and against, National Administrative Service Co., LLC and Pelican Investment Holdings Group, LLC, jointly and severally, in an amount of $10,500.00 plus costs and any other remedy deemed appropriate.

## COUNT IV:
## MAKING SOLICITATIONS FOR SALES OF GOODS OR SERVICES OVER THE TELEPHONE WITHOUT FIRST CLEARLY, AFFIRMATIVELY AND EXPRESSLY STATING: THE IDENTITY OF THE SELLER; PENNSYLVANIA'S "UNFAIR TRADE AND PRACTICES AND CONSUMER PROTECTION LAW", 73 P.S. § 201-2(4)(XVII)(A)

52. Plaintiff incorporates by reference paragraphs 1 - 51 of this Complaint as though fully stated herein.

53. Defendant made solicitations for sales of goods or services over the telephone without first clearly, affirmatively and expressly stating the identity of the seller to Plaintiff, described in paragraph 19, above, a violation of 73 P.S. § 201-2(4)(XVII)(A).

54. Plaintiff was statutorily damaged at least seven (7) times by Defendant by the telephone calls described in paragraph 15, above, and additional times that maybe found through discovery in the amount of $100.00 for each of these telephone calls, 73 P.S. § 201-9.2(a).

55. Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this statute. Plaintiff requests that the court treble the damage amount as permitted under for this willful or knowing violations under 73 P.S. § 201-9.2(a).

56. Plaintiff further requests costs, and reasonable attorney fees as permitted under 73 P.S. § 201-9.2(a).

WHEREFORE, Plaintiff Jeffrey M. Bower respectfully requests that judgment be entered in his favor and against, National Administrative Service Co., LLC and Pelican

Investment Holdings Group, LLC, jointly and severally, in an amount of $2,100.00 plus costs, and reasonable attorney fees, as permitted by statute, and any other remedy deemed appropriate.

**COUNT V:**
**INITIATING AN OUTBOUND UNWANTED SOLICITATIONTELEPHONE CALL TO A PERSON AFTER THEY HAVE REGISTERED THEIR TELEPHONE NUMBER ON THE PENNSYLVANIA DO-NOT-CALL LIST, PENNSYLVANIA'S "TELEMARKETER REGISTRATION ACT",**
**73 P.S. § 2245.2(A)**

57. Plaintiff incorporates by reference paragraphs 1 - 56 of this Complaint as though fully stated herein.

58. Defendant initiated outbound telephone calls, listed in paragraph 15, above, to Plaintiff when he had previously stated through his registration on the Pennsylvania Do-Not-Call list quarterly publication at least 30 days prior to the calls described in Paragraph 15, above, that he did not wish to receive any outbound telephone calls from Defendant, a violation of 73 P.S. § 2245(a)(2).

59. The statutory violation described in paragraph 58, above is also a statutory violation of the Pennsylvania Unfair Trade and Practices and Consumer Protection Law, 73 P.S. § 2246(a).

60. Plaintiff was statutorily damaged at least seven (7) times by Defendant by the telephone calls described in paragraph 15, above, and additional times that maybe found through discovery in the amount of $100.00 for each of these telephone calls, 73 P.S. § 201-9.2(a).

61. Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this statute. Plaintiff requests that the court treble the damage amount as permitted under for this willful or knowing violations under 73 P.S. § 201-9.2(a).

62. Plaintiff further requests costs, and reasonable attorney fees as permitted under 73 P.S. § 201-9.2(a).

WHEREFORE, Plaintiff Jeffrey M. Bower respectfully requests that judgment be entered in his favor and against, National Administrative Service Co., LLC and Pelican Investment Holdings Group, LLC, jointly and severally, in an amount of $2,100.00 plus costs, and reasonable attorney fees, as permitted by statute, and any other remedy deemed appropriate.

**COUNT VI:**
**BLOCKING OF CALLER IDENTIFICATION, PENNSYLVANIA'S "TELEMARKETER REGISTRATION ACT" 73 P.S. § 2245.1**

63. Plaintiff incorporates by reference paragraphs 1 - 62 of this Complaint as though fully stated herein.

64. Defendant or Defendant's Agent initiated outbound telephone calls, listed in paragraph 15 and 20, above, to Plaintiff that contained false caller identification information, a violation of 73 P.S. § 2245.1.

65. The statutory violation described in paragraph 64, above is also a statutory violation of the Pennsylvania Unfair Trade and Practices and Consumer Protection Law, 73 P.S. § 2246(a).

66. Plaintiff was statutorily damaged at least seven (7) times by Defendant by the telephone calls described in paragraph 15 and 20, above, and additional times that

maybe found through discovery in the amount of $100.00 for each of these telephone calls, 73 P.S. § 201-9.2(a).

67. Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this statute. Plaintiff requests that the court treble the damage amount as permitted under for this willful or knowing violations under 73 P.S. § 201-9.2(a).

68. Plaintiff further requests costs, and reasonable attorney fees as permitted under 73 P.S. § 201-9.2(a).

WHEREFORE, Plaintiff Jeffrey M. Bower respectfully requests that judgment be entered in his favor and against, National Administrative Service Co., LLC and Pelican Investment Holdings Group, LLC, jointly and severally, in an amount of $2,100.00 plus costs, and reasonable attorney fees, as permitted by statute, and any other remedy deemed appropriate.

## SUMMARY OF PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jeffrey M. Bower respectfully requests that judgment be entered in his favor and against National Administrative Service Co., LLC and Pelican Investment Holdings Group, LLC, jointly and severally, in an amount to be more fully determined at time of trial, but at least $37,800.00, as permitted by statute, as follows:

1. Statutory damages of $500.00 for each and every violation of 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Statutory damages of $500.00 for each and every violation of 47 U.S.C. § 227(c)(5)(B);

4. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(c)(5)(C);

5. Statutory damages of $100.00 for each and every violation of 73 P.S. § 201-9.2(a);

6. Treble damages for each violation determined to be willful and/or knowing pursuant to 73 P.S. § 201-9.2(a);

7. Costs and reasonable attorney fees as permitted under 73 P.S. § 201-9.2(a);

8. Any and all other relief that the Court deems just and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

                Plaintiff,
                By Counsel,

                Respectfully submitted,

                /s/ Jeremy C. Jackson
                Jeremy C. Jackson (PA321557)
                Bower Law Associates, PLLC
                403 South Allen Street, Suite 210
                State College, PA 16801
                814-234-2626
                jjackson@bower-law.com