IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY M. BOWER,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL ADMINISTRATIVE SERVICE CO., LLC and AFFORDABLE AUTO PROTECTION, LLC,<br><br>Defendants. | CIVIL NO. 4:21-cv-00998-MWB |

**DEFENDANTS, NATIONAL ADMINISTRATIVE SERVICE CO., LLC AND PELICAN INVESTMENT HOLDINGS GROUP, LLC D/B/A AAP'S, REPLY IN SUPPORT OF THEIR MOTION TO <u>DISMISS PLAINTIFF'S AMENDED COMPLAINT</u>**

Defendants, National Administrative Service Co., LLC and Pelican Investment Holdings Group, LLC d/b/a AAP (collectively "Defendants"), by and through undersigned counsel, hereby submit this Reply in Support of their Motion to Dismiss ("Motion to Dismiss") Plaintiff Jeffrey M. Bower's ("Plaintiff"), Amended Complaint and in support thereof state as follows:

**I.     INTRODUCTION**

Plaintiff's Response in Opposition to the Motions to Dismiss ("Opposition"), fails to address and justify the substantive defects of Plaintiff's Amended Complaint ("Amended Complaint"). The Opposition further serves only to muddy the waters

and attempts to conceal the pleading deficiencies contained within the Amended Complaint. *See Docket Item No. 18, generally.*

The Opposition makes creative arguments regarding access to discovery, minimum pleading standards and other procedural matters. However, the viability of Plaintiff's Amended Complaint, like any other pleading, is contingent upon factual assertions that are necessary to establish a *prima facie* case. Additionally, Plaintiff's counsel boldly mischaracterizes his questionable behavior in providing his personal credit card for Plaintiff to purchase the vehicle service agreement ("VSC") that serves as the cornerstone for this action. *See Docket Item No. 18, pp. 2, 3.* The simple truth is that Plaintiff's counsel's email to Defendants' Florida counsel, Jason S. Weiss, Esq. ("Weiss") dated January 22, 2021, that is referenced in the Opposition, as prompted by correspondence from Weiss questioning this action after reviewing the VSC documents. *See Docket Item No. 18, p. 3.* Plaintiff's counsel was not proactive in notifying Weiss of his questionable behavior, as he claims. *See Docket Item No. 18, p. 3.* To the contrary, Plaintiff's counsel was reactive after his actions were discovered and questioned by Weiss. Furthermore, Plaintiff admits that "Plaintiff did not want to provide his credit card to the unknown, neighbor spoofing, unsolicited telemarketer out of fear that his credit card number would be misused and require him to cancel his credit card." *See Docket Item No. 18, p. 3.* The fact that Plaintiff's counsel did not exercise that same caution and

reasonable care when he provided his own personal credit card for Plaintiff's use in purchasing the VSC does not make sense. Regardless of his reasoning, Plaintiff's counsel's improper actions that instigated this litigation and his mischaracterization of his involvement are questionable at best.

Defendants' complete and thorough arguments are contained within the Motion to Dismiss and as a matter of judicial efficiency and with respect for the Court, the assertions contained within the Motion to Dismiss will not be completely restated herein. Accordingly, Defendants summarize the relevant issues supporting the Motion to Dismiss and address the additional relevant points of contention regarding the Opposition.

## II.  ARGUMENT

Despite Plaintiff's claim that, "Plaintiff has stated legally cognizable claims and sufficient facts to demonstrate he is plausibly entitled to the relief prayed for in the complaint," *see* Opp. page 6, the sufficient factual assertions are simply not there. "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). *See Docket Item No. 18, p. 6.* "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678 (*citing, Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" in meeting the standard required by Rule 8. *Id.* at 678

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Id.* at 678. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds of his entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

Similar to the Amended Complaint, the Opposition asserts only conclusory and speculative allegations regarding Defendants and their purported involvement with the unknown and unidentified alleged caller(s). Additionally, Plaintiff continues to improperly commingle separate and distinct actions collectively against both Defendants and to make the illogical leap that all alleged calls must have been made on behalf of Defendants simply because he alleges that the last call was made on their behalf. *See Docket Item No. 18, generally*.

In other words, the Amended Complaint and the Opposition are both completely devoid of any sufficient factual allegations to support imputing liability against Defendants. *See Docket Item No. 12; Docket Item No. 18.* "Factual

allegations must be enough to raise a right to relief above the speculative level…" *Id.* at 555 (internal citation omitted). Courts may not assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that the defendants have violated the…law[] in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, [the complaint] 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (*quoting, Twombly*, 550 U.S. at 557)).

Accordingly, the Amended Complaint and the Opposition fail to set forth the ultimate facts with sufficient clarity to allow Defendants to fully understand and distinguish the specific actions against them, to provide an intelligent answer and to formulate a proper defense. Therefore, the Amended Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### III. CONCLUSION

Plaintiff's counsel is trying his best to salvage Plaintiff's claims that should have never been made in the first place. The Amended Complaint and the Opposition are facially insufficient due to a lack of factual support for the allegations set forth therein and Plaintiff has failed to provide sufficient factual support to make out any *prima facie* claim*s* against Defendants and will be unable to cure the substantive defects therein.

5

**THEREFORE,** for the foregoing reasons, Defendants, National Administrative Service Co., LLC and Pelican Investment Holdings Group, LLC d/b/a AAP, respectfully request that the Court grant their Motion to Dismiss Plaintiff, Jeffrey M. Bower's, Amended Complaint with prejudice for failure to sufficiently state a cause of action pursuant to Federal Rule of Civil Procedure 12(b)(6), and for such further relief as this Court finds proper and just.

                        Respectfully Submitted,

                        **O'HAGAN MEYER, PLLC**

BY: /s/Christopher C. Negrete
JOHN P. MORGENSTERN
CHRISTOPHER C. NEGRETE
PA Identification Nos. 80014 / 86152
1717 Arch Street, Suite 3910
Philadelphia, PA 19103
Phone: (215) 461-3300
Fax:    (215) 461-3311
Email: jmorgenstern@ohaganmeyer.com
       cnegrete@ohaganmeyer.com
*Attorneys for Defendants,*
*National Administrative Service Co., LLC*
*and Affordable Auto Protection, LLC*

Dated: August 23, 2021

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY M. BOWER,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL ADMINISTRATIVE SERVICE CO., LLC AND PELICAN INVESTMENT HOLDINGS GROUP, LLC D/B/A AAP,<br><br>Defendants. | CIVIL NO. 4:21-cv-00998-MWB |

## CERTIFICATE OF SERVICE

I, Christopher C. Negrete, hereby certify that on the date set forth below, I did cause a true and correct copy of Defendants' Reply in Support of Their Motion to Dismiss Plaintiff's Amended Complaint to be filed with the Court's ECF/PACER Electronic filing system, where it was available for immediate viewing and download by all counsel of record.

*/s/ Christopher C. Negrete*
Christopher C. Negrete

Date: August 23, 2021