**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JEFFREY M. BOWER, | NO. 4:21-cv-00998-MWB |
| Plaintiff, | |
| v. | |
| NATIONAL ADMINISTRATIVE SERVICE CO., LLC; and PELICAN INVESTMENT HOLDINGS GROUP, LLC d/b/a AAP, | |
| Defendants. | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS, NATIONAL ADMINISTRATIVE SERVICE CO., LLC AND PELICAN INVESTMENT HOLDINGS GROUP, LLC D/B/A AAP, TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants, NATIONAL ADMINISTRATIVE SERVICE CO., LLC and PELICAN INVESTMENT HOLDINGS GROUP, LLC d/b/a AAP (collectively, "Answering Defendants"), by and through their undersigned counsel, hereby files this Answer and Affirmative Defenses to Plaintiff, Jeffrey M. Bower's ("Plaintiff") First Amended Complaint (the "Amended Complaint") and in support thereof states as follows:

1.      Admitted in part.  Denied in part.  Answering Defendants admit only that Plaintiff has filed this action (the "Action") and asserted claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").  Answering

Defendants deny that they violated the TCPA and that Plaintiff is entitled to any relief under the causes of action alleged in the Amended Complaint.

2.     Denied.  To the extent that the averments contained in Paragraph 2 of the Amended Complaint purport to construe the TCPA, said construction is specifically denied.  Further, the allegations contained in Paragraph 2 constitute conclusions of law to which no response is required.  To the extent that Paragraph 2 does contain averments of fact, such averments are specifically denied and Plaintiff is held to his strict burden of proof.

3.     Denied.  To the extent that the averments contained in Paragraph 3 of the Amended Complaint purport to construe the TCPA and/or its interpretive case law, said construction is specifically denied.  Further, the allegations contained in Paragraph 3 are conclusions of law to which no response is required.  To the extent that Paragraph 3 of the Amended Complaint does contain averments of fact, such averments are specifically denied and Plaintiff is held to his strict burden of proof.

4.     Denied.  To the extent that the averments contained in Paragraph 4 of the Amended Complaint purport to construe FCC rules, regulations, decisions and/or interpretations, said construction is specifically denied.  Further, the allegations contained in Paragraph 4 are conclusions of law to which no response is required.  To the extent that Paragraph 4 of the Amended Complaint does contain averments

of fact, such averments are specifically denied and Plaintiff is held to his strict burden of proof.

5.    Denied.  After reasonable investigation, Answering Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5, and same are therefore specifically denied and Plaintiff is held to his strict burden of proof.

6.    Admitted.

7.    Admitted.

8.    Denied.  The allegations contained in Paragraph 8 of the Amended Complaint constitute conclusions of law to which no response is required.

9.    Denied.  Answering Defendants deny that they made or initiated calls to Plaintiff or otherwise violated the TCPA or the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq*. ("UTPCPL"). Answering Defendants further deny that Plaintiff is entitled to any relief under the causes of action alleged in the Amended Complaint.

10.    Denied.  The allegations contained in Paragraph 10 of the Amended Complaint constitute conclusions of law to which no response is required.

11.    Denied as stated.  Answering Defendants deny that they made or initiated calls to Plaintiff or otherwise violated the TCPA or the UTPCPL.

Additionally, Answering Defendants deny that Plaintiff is entitled to any relief under the causes of action alleged in the Amended Complaint.

12.    Denied as stated.    Answering Defendants deny that they made or initiated calls to Plaintiff or otherwise violated the TCPA or the UTPCPL. Additionally, Answering Defendants deny that Plaintiff is entitled to any relief under the causes of action alleged in the Amended Complaint.

13.    Denied.  The allegations contained in Paragraph 13 of the Amended Complaint are conclusions of law to which no response is required.  To the extent that Paragraph 13 does contain averments of fact, such averments are specifically denied and Plaintiff is held to his struct burden of proof.

14.    Paragraph 14 of the Amended Complaint contains no factual averments to which Answering Defendants are required to respond.  Rather, Paragraph 14 merely defines Plaintiff's use of the term "Defendants" which is used throughout the Amended Complaint.

15.    Denied.  Answering Defendants deny that they made or initiated calls to Plaintiff or otherwise violated the TCPA or the UTPCPL.    Additionally, Answering Defendants deny that Plaintiff is entitled to any relief under the causes of action alleged in the Amended Complaint.

16.    Denied.  After reasonable investigation, Answering Defendants are without sufficient knowledge or information to admit or deny the allegations

contained in Paragraph 16, and same are therefore specifically denied and Plaintiff is held to his strict burden of proof.

17.    Denied.   After reasonable investigation, Answering Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 17, and same are therefore specifically denied and Plaintiff is held to his strict burden of proof.

18.    After reasonable investigation, Answering Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 18, and same are therefore specifically denied and Plaintiff is held to his strict burden of proof.

19.    After reasonable investigation, Answering Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 19, and same are therefore specifically denied and Plaintiff is held to his strict burden of proof.

20.    After reasonable investigation, Answering Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 20, and same are therefore specifically denied and Plaintiff is held to his strict burden of proof.

21.    After reasonable investigation, Answering Defendants are without sufficient knowledge or information to admit or deny the allegations contained in

Paragraph 21, and same are therefore specifically denied and Plaintiff is held to his strict burden of proof.

22.     Denied.  The allegations contained in Paragraph 22 of the Amended Complaint are conclusions of law to which no response is required.  To the extent that Paragraph 22 does contain averments of fact, such averments are specifically denied and Plaintiff is held to his struct burden of proof.

23.     Denied.  The allegations contained in Paragraph 23 of the Amended Complaint are conclusions of law to which no response is required.  To the extent that Paragraph 23 does contain averments of fact, such averments are specifically denied and Plaintiff is held to his struct burden of proof.

24.     Denied.  The allegations contained in Paragraph 24 of the Amended Complaint are conclusions of law to which no response is required.  To the extent that Paragraph 24 does contain averments of fact, such averments are specifically denied and Plaintiff is held to his struct burden of proof.

25.     Denied.  The allegations contained in Paragraph 25 of the Amended Complaint are conclusions of law to which no response is required.  To the extent that Paragraph 25 does contain averments of fact, such averments are specifically denied and Plaintiff is held to his struct burden of proof.

26.     Denied.  The allegations contained in Paragraph 26 of the Amended Complaint are conclusions of law to which no response is required.  To the extent

that Paragraph 26 does contain averments of fact, such averments are specifically denied and Plaintiff is held to his struct burden of proof.

27.     Admitted in part.  Denied in part.  It is admitted only that Plaintiff has purported to assert a claim against the Answering Defendants under the TCPA. Answering Defendants deny that they made or initiated calls to Plaintiff or otherwise violated the TCPA.  Answering Defendants deny that Plaintiff is entitled to any relief under the causes of action alleged in the Amended Complaint.

28.     Denied.  The allegations contained in Paragraph 28 of the Amended Complaint are conclusions of law to which no response is required.

29.     Denied.  Answering Defendants deny that they made or initiated calls to Plaintiff or otherwise violated the TCPA or the UTPCPL.  After reasonable investigation, Answering Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 29, and same are therefore specifically denied and Plaintiff is held to his strict burden of proof.

30.     Denied.  After reasonable investigation, Answering Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 30, and same are therefore specifically denied and Plaintiff is held to his strict burden of proof.

31.    Denied.   After reasonable investigation, Answering Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 31, and same are therefore specifically denied and Plaintiff is held to his strict burden of proof.

32.    Denied.  The allegations contained in Paragraph 32 of the Amended Complaint are conclusions of law to which no response is required.  To the extent that Paragraph 32 does contain averments of fact, such averments are specifically denied and Plaintiff is held to his struct burden of proof.

33.    Denied.  The allegations contained in Paragraph 33 of the Amended Complaint are conclusions of law to which no response is required.  To the extent that Paragraph 33 does contain averments of fact, such averments are specifically denied and Plaintiff is held to his struct burden of proof.

34.    Denied.  The allegations contained in Paragraph 34 of the Amended Complaint are conclusions of law to which no response is required.  To the extent that Paragraph 34 does contain averments of fact, such averments are specifically denied and Plaintiff is held to his struct burden of proof.

35.    Denied.  The allegations contained in Paragraph 35 of the Amended Complaint are conclusions of law to which no response is required.  To the extent that Paragraph 35 does contain averments of fact, such averments are specifically denied and Plaintiff is held to his struct burden of proof.

36.     Denied.  The allegations contained in Paragraph 36 of the Amended Complaint are conclusions of law to which no response is required.  To the extent that Paragraph 36 does contain averments of fact, such averments are specifically denied and Plaintiff is held to his struct burden of proof.

37.     Denied.  The allegations contained in Paragraph 37 of the Amended Complaint are conclusions of law to which no response is required.  To the extent that Paragraph 37 does contain averments of fact, such averments are specifically denied and Plaintiff is held to his struct burden of proof.

38.     Denied.  The allegations contained in Paragraph 38 of the Amended Complaint are conclusions of law to which no response is required.  To the extent that Paragraph 38 does contain averments of fact, such averments are specifically denied and Plaintiff is held to his struct burden of proof.

## COUNT I:
### CALLING A CELLULAR TELEPHONE WITH THE USE OF AN "AUTOMATIC TELEPHONE DIALING SYSTEM" ("ATDS"), 47 U.S.C. § 227(b)(1)(A)(iii)

39.     Answering Defendants incorporate by reference their responses to Paragraphs 1 through 38, above, as if fully set forth herein at length.

40.     Denied.  Answering Defendants deny that they made or initiated calls to Plaintiff or otherwise violated the TCPA or the UTPCPL.  Additionally, Answering Defendants deny that Plaintiff is entitled to any relief under the causes of action alleged in the Amended Complaint.

9

41.     Denied.  The allegations contained in Paragraph 41 of the Amended Complaint are conclusions of law to which no response is required.  To the extent that Paragraph 41 does contain averments of fact, such averments are specifically denied and Plaintiff is held to his struct burden of proof.

42.     Denied.  The allegations contained in Paragraph 42 of the Amended Complaint are conclusions of law to which no response is required.  To the extent that Paragraph 42 does contain averments of fact, such averments are specifically denied and Plaintiff is held to his struct burden of proof.

**WHEREFORE,** Answering Defendants demand judgment in their favor, together with reasonable costs and any and all further remedies as this Honorable Court deems adequate and just.

### COUNT II:
### CALLING A CELLULAR TELEPHONE WITH THE USE OF "AN ARTIFICIAL OR PRERECORDED VOICE" ("ATDS"), ### 47 U.S.C. § 227(b)(1)(B)

43.     Answering Defendants incorporate by reference their responses to Paragraphs 1 through 42, above, as if fully set forth herein at length.

44.     Denied.  The allegations contained in Paragraph 44 of the Amended Complaint are conclusions of law to which no response is required.  To the extent that Paragraph 44 does contain averments of fact, such averments are specifically denied and Plaintiff is held to his struct burden of proof.

45.     Denied.  The allegations contained in Paragraph 45 of the Amended Complaint are conclusions of law to which no response is required.  To the extent that Paragraph 45 does contain averments of fact, such averments are specifically denied and Plaintiff is held to his struct burden of proof.

46.     Denied.  The allegations contained in Paragraph 46 of the Amended Complaint are conclusions of law to which no response is required.  To the extent that Paragraph 46 does contain averments of fact, such averments are specifically denied and Plaintiff is held to his struct burden of proof.

**WHEREFORE,** Answering Defendants demand judgment in their favor, together with reasonable costs and any and all further remedies as this Honorable Court deems adequate and just.

### COUNT III:
### INITIATING A TELEPHONE SOLICITATION TO A TELEPHONE SUBSCRIBER WHO HAS REGISTERED HIS NUMBER ON THE DO-NOT-CALL LIST AT LEAST 31 DAYS PRIOR TO THE TELEPHONE CALL, 47 C.F.R. § 64.1200(c)(2)

47.     Answering Defendants incorporate by reference their responses to Paragraphs 1 through 46, above, as if fully set forth herein at length.

48.     Denied.  After reasonable investigation, Answering Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 48, and same are therefore specifically denied and Plaintiff is held to his strict burden of proof.

49.     Denied.  Answering Defendants deny that they made or initiated calls to Plaintiff or otherwise violated the TCPA or the UTPCPL.  After reasonable investigation, Answering Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 49, and same are therefore specifically denied and Plaintiff is held to his strict burden of proof.

50.     Denied.  The allegations contained in Paragraph 50 of the Amended Complaint are conclusions of law to which no response is required.  To the extent that Paragraph 50 does contain averments of fact, such averments are specifically denied and Plaintiff is held to his struct burden of proof.

51.     Denied.  The allegations contained in Paragraph 51 of the Amended Complaint are conclusions of law to which no response is required.  To the extent that Paragraph 51 does contain averments of fact, such averments are specifically denied and Plaintiff is held to his struct burden of proof.

**WHEREFORE,** Answering Defendants demand judgment in their favor, together with reasonable costs and any and all further remedies as this Honorable Court deems adequate and just.

## COUNT IV:
## MAKING SOLICITATIONS FOR SALES OF GOODS OR SERVICES OVER THE TELEPHONE WITHOUT FIRST CLEARLY, AFFIRMATIVELY AND EXPRESSLY STATING: THE IDENTITY OF THE SELLER; PENNSYLVANIA'S "UNFAIR TRADE AND PRACTICES AND CONSUMER PROTECTION LAW", 73 P.S. § 201-2(4)(XVII)(A)

52.     Answering Defendants incorporate by reference their responses to Paragraphs 1 through 51, above, as if fully set forth herein at length.

53.     Denied.  Answering Defendants deny that they made or initiated calls to Plaintiff or otherwise violated the TCPA or the UTPCPL.  The remaining allegations contained in Paragraph 53 of the Amended Complaint are conclusions of law to which no response is required.  Plaintiff is held to his strict burden of proof.

54.     Denied.  The allegations contained in Paragraph 54 of the Amended Complaint are conclusions of law to which no response is required.  To the extent that Paragraph 54 does contain averments of fact, such averments are specifically denied and Plaintiff is held to his struct burden of proof.

55.     Denied.  The allegations contained in Paragraph 55 of the Amended Complaint are conclusions of law to which no response is required.  To the extent that Paragraph 55 does contain averments of fact, such averments are specifically denied and Plaintiff is held to his struct burden of proof.

56.     Denied.  The allegations contained in Paragraph 56 of the Amended Complaint are conclusions of law to which no response is required.  To the extent

that Paragraph 56 does contain averments of fact, such averments are specifically denied and Plaintiff is held to his struct burden of proof.

**WHEREFORE,** Answering Defendants demand judgment in their favor, together with reasonable costs and any and all further remedies as this Honorable Court deems adequate and just.

### COUNT V:
### INITIATING AN OUTBOUND UNWANTED SOLICITATION TELEPHONE CALL TO A PERSON AFTER THEY HAVE REGISTERED THEIR TELEPHONE NUMBER ON THE PENNSYLVANIA DO-NOT-CALL LIST, PENNSYLVANIA'S "TELEMARKETER REGISTRATION ACT", 73 P.S. § 2245.2(A)

57.     Answering Defendants incorporate by reference their responses to Paragraphs 1 through 56, above, as if fully set forth herein at length.

58.     Denied.  Answering Defendants deny that they made or initiated calls to Plaintiff or otherwise violated the TCPA or the UTPCPL.  After reasonable investigation, Answering Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 58, and same are therefore specifically denied and Plaintiff is held to his strict burden of proof.

59.     Denied.  The allegations contained in Paragraph 59 of the Amended Complaint are conclusions of law to which no response is required.  To the extent that Paragraph 59 does contain averments of fact, such averments are specifically denied and Plaintiff is held to his struct burden of proof.

14

60.     Denied.  The allegations contained in Paragraph 60 of the Amended Complaint are conclusions of law to which no response is required.  To the extent that Paragraph 60 does contain averments of fact, such averments are specifically denied and Plaintiff is held to his struct burden of proof.

61.     Denied.  The allegations contained in Paragraph 61 of the Amended Complaint are conclusions of law to which no response is required.  To the extent that Paragraph 61 does contain averments of fact, such averments are specifically denied and Plaintiff is held to his struct burden of proof.

62.     Denied.  The allegations contained in Paragraph 62 of the Amended Complaint are conclusions of law to which no response is required.  To the extent that Paragraph 62 does contain averments of fact, such averments are specifically denied and Plaintiff is held to his struct burden of proof.

**WHEREFORE,** Answering Defendants demand judgment in their favor, together with reasonable costs and any and all further remedies as this Honorable Court deems adequate and just.

## COUNT VI:
## BLOCKING OF CALLER IDENTIFICATION, PENNSYLVANIA'S "TELEMARKETER REGISTRATION ACT" 73 P.S. § 2245.1

63.     Answering Defendants incorporate by reference their responses to Paragraphs 1 through 62, above, as if fully set forth herein at length.

64.     Denied.  Answering Defendants deny that they made or initiated calls to Plaintiff or otherwise violated the TCPA or the UTPCPL.   Additionally, Answering Defendants deny that Plaintiff is entitled to any relief under the causes of action alleged in the Amended Complaint.

65.     Denied.  The allegations contained in Paragraph 65 of the Amended Complaint are conclusions of law to which no response is required.  To the extent that Paragraph 65 does contain averments of fact, such averments are specifically denied and Plaintiff is held to his struct burden of proof.

66.     Denied.  The allegations contained in Paragraph 66 of the Amended Complaint are conclusions of law to which no response is required.  To the extent that Paragraph 66 does contain averments of fact, such averments are specifically denied and Plaintiff is held to his struct burden of proof.

67.     Denied.  The allegations contained in Paragraph 67 of the Amended Complaint are conclusions of law to which no response is required.  To the extent that Paragraph 67 does contain averments of fact, such averments are specifically denied and Plaintiff is held to his struct burden of proof.

68.     Denied.  The allegations contained in Paragraph 68 of the Amended Complaint are conclusions of law to which no response is required.  To the extent that Paragraph 68 does contain averments of fact, such averments are specifically denied and Plaintiff is held to his struct burden of proof.

**WHEREFORE,** Answering Defendants demand judgment in their favor, together with reasonable costs and any and all further remedies as this Honorable Court deems adequate and just.

<u>**AFFIRMATIVE DEFENSES**</u>

Answering Defendants assert the following affirmative defenses with respect to Plaintiff's causes of actions and claims contained in the Amended Complaint.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred as a matter of law because the violation of an unconstitutional law is not a justiciable question.  More specifically, Plaintiff's claims for violations of the TCPA are barred because the alleged calls complained of by Plaintiff, and which form the basis of Plaintiff's claims, were made prior to July 6, 2020, during the period of time in which the Supreme Court of the United States held that the TCPA, as written, was an unconstitutional, content-based suppression on free speech.  *See Barr v. American Association of Political Consultants, Inc.*, 140 S. Ct. 2335, 2346 (2020); *Creasy v. Charter Communs., Inc.,* No. 20-1199 SECTION "F", 2020 U.S. Dist. LEXIS 177798 (E.D. La. Sept. 28, 2020); *Lindenbaum v. Realgy,* Case No. 1:19-cv-2862 (N.D. Oh. 2020); and *Shabana Hussain v. Sullivan Buick-Cadillac-GMC Truck, Inc., et al.,* 5:20-cv-00038 (Md. Fla. December 11, 2020). For these same reasons, Plaintiff's claims for violations of the UTPCPL alleged in the Amended Complaint are similarly barred.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred on the grounds that they fail to set forth a claim upon which relief may be granted and fail to set forth sufficient ultimate facts in support of a claim for violation of the TCPA or the UTPCPL.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff fails to satisfy all conditions precedent and necessary to maintaining his claims.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the exceptions provided under the TCPA and the UTPCPL.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff did not suffer any actual damages.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims should be barred because Plaintiff failed to mitigate, limit, or avoid his alleged damages.  Answering Defendants are entitled to have sums to which Plaintiff may be entitled, if any, reduced by the amount Plaintiff could reasonably have been able to mitigate, minimize or avoid those alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for treble damages are barred because Answering Defendants did not knowingly or willfully engage in any misconduct.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because imposing statutory damages and/or exemplary/punitive damages on Answering Defendants under the TCPA and/or the UTPCPL would violate the Due Process provisions of both the United States Constitution and the Pennsylvania Constitution.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for lack of standing because Plaintiff welcomed the alleged phone calls, was not annoyed, suffered no nuisance and did not suffer an injury.

## TENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims should be barred because Plaintiff was not charged for the alleged phone calls.  Therefore, he suffered no real damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims should be barred for lack of standing due to the absence of the requisite injury necessary to possess the required standing.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is an improper pleading and cannot be allowed to remain pending because it raises various claims collectively against both of the named Defendants with no effort to identify which purportedly tortious act was committed by which named Defendant.  Furthermore, the Amended Complaint fails to set forth the ultimate facts with sufficient clarity to allow Answering Defendants to distinguish the specific actions against each of them, to provide an intelligent answer or to formulate a proper defense.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands because Plaintiff falsely and improperly provided his credit card for payment of the subject automotive warranty knowing he intended to cancel such transactions after eliciting the issuance of the subject automotive warranty.  Plaintiff's actions described herein were intentional and unethical.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff willfully and intentionally made illegal and improper use of process by filing fabricated lawsuits under the TCPA and the UTPCPL based on purported violations resulting from Plaintiff's improper conduct.  Plaintiff had ulterior motives and purposes in exercising process including, but not limited to, attempting to illicit quick cash settlements where no valid cause

of action existed.   As such, Plaintiff's actions caused injury to Answering Defendants, and Plaintiff's claims should be dismissed.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by any or all of the affirmative defenses contemplated by the Pennsylvania Rules of Civil Procedure.  To the extent Plaintiff's claims may be barred by one or more of the affirmative defenses not specifically cited above, Answering Defendants incorporate all such defenses set forth in, or contemplated by, Pennsylvania law.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred pursuant to Fla. Stat. § 817.234, entitled false and fraudulent claims, which makes it illegal for any person, with the intent to injure, defraud, or deceive any insurer by:

> (3)(a) Knowingly presenting, causes to be presented, or prepares or makes with knowledge or belief that it will be presented to any insurer, purported insurer, servicing corporation, insurance broker, or insurance agent, or any employee or agent thereof, any false, incomplete, or misleading information or written or oral statement as part of, or in support of, an application for the issuance of, or the rating of, any insurance policy, or a health maintenance organization subscriber or provider contract; or to
>
> (b) Knowingly conceal information concerning any fact material to such application.

*See* Fla. Stat. §§ 817.234(3)(a) and (b).  Plaintiff admits in the Amended Complaint that he violated Fla. Stat. § 817.234 by, without limitation, providing false and misleading information regarding his ownership of certain vehicles and intent to and reasons for purchasing certain insurance policies in Florida.  Plaintiff willfully and intentionally made illegal and improper use of process by filing fabricated lawsuits under the TCPA based on purported violations resulting from the fraudulent conduct as described herein.  Plaintiff had ulterior motives and purposes in exercising process including, but not limited to, to illicit quick cash settlements where no valid cause of action existed.  Plaintiff's actions caused injury to Additional Defendants and cannot be allowed to advance.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred pursuant to Fla. Stat. § 817.61, entitled fraudulent use of credit cards, which makes it illegal for any person to use a credit card with the intent to defraud… an organization providing money, goods, services…, for the purpose of obtaining money, goods, or services.  Plaintiff admits in the Amended Complaint that he violated Fla. Stat. § 817.61 by falsely and improperly providing his credit card for payment knowing he intended to cancel such transactions after eliciting the issuance of the insurance policies.  Since Plaintiff does not come to this Action with clean hands, his claims are barred.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's' claims are barred because Additional Defendants did not use an automatic telephone dialing system as defined under the TCPA, the Eleventh Circuit's decision in *Melanie Glasser v. Hilton Grand Vacations Company, LLC*, No. 18-14499 (11th Cir. Jan. 27, 2020), and by the Supreme Court of the United States' decision in *Facebook, Inc. v. Duguid, et al.*, 141 S. Ct. 1163 (2021).

Additionally, the Amended Complaint contains insufficient information to permit Additional Defendants to raise all of its potentially appropriate defenses. Therefore, Additional Defendants reserve the right to amend and/or supplement their Answer with additional Affirmative Defenses.

**WHEREFORE,** Defendants, NATIONAL ADMINISTRATIVE SERVICE CO., LLC and PELICAN INVESTMENT HOLDINGS GROUP, LLC d/b/a AAP, pray for judgment as follows:

1. That Plaintiff, Jeffrey M. Bower, take nothing by reason of his Amended Complaint;

2. That the Amended Complaint be dismissed with prejudice;

3. For costs of suit and reasonable attorney's fees; and

4. For further and additional relief as this Court deems appropriate.

Respectfully Submitted,

**O'HAGAN MEYER, PLLC**

BY:   */s/Christopher C. Negrete*
      JOHN P. MORGENSTERN
      CHRISTOPHER C. NEGRETE
      PA Identification Nos. 80014 / 86152
      1600 Market Street, East Tower
      12th Floor
      Philadelphia, PA 19102
      Phone: (215) 461-3300
      Fax:    (215) 461-3311
      Email:  jmorgenstern@ohaganmeyer.com
              cnegrete@ohaganmeyer.com

*Attorneys for Defendants,*
*National Administrative Service Co., LLC*
*and Pelican Investment Holdings Group,*
*LLC d/b/a AAP*

Dated: April 4, 2022

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JEFFREY M. BOWER, | NO. 4:21-cv-00998-MWB |
| Plaintiff, | |
| v. | |
| NATIONAL ADMINISTRATIVE SERVICE CO., LLC; and PELICAN INVESTMENT HOLDINGS GROUP, LLC d/b/a AAP, | |
| Defendants. | |

## <u>CERTIFICATE OF SERVICE</u>

I, Christopher C. Negrete, hereby certify that on the date set forth below, I did cause a true and correct copy of Defendants' Answer and Affirmative Defenses to Plaintiff's First Amended Complaint to be filed with the Court's ECF/PACER Electronic filing system, where it was available for immediate viewing and download by all counsel of record.


*/s/ Christopher C. Negrete*
Christopher C. Negrete

Date: <u>April 4, 2022</u>